1  THE LAW OFFICES OF JOHN A. SCHLAFF
   John A. Schlaff, State Bar No. 135748
2  2235 Westwood Boulevard, No. 424
   Los Angeles, California 90064
3  Telephone No. 1-310-474-2627
   Facsimile No. 1-310-362-8883
4  Email: John.Schlaff@gmail.com

5  Attorneys for Plaintiffs RICHARD CEJA,
   FINN O' McCLAFFERTY and BRIAN WEIR
6

7

8          **THE UNITED STATES DISTRICT COURT FOR**

           **THE CENTRAL DISTRICT OF CALIFORNIA**
9

10 RICHARD CEJA, an individual,          )   CIVIL ACTION NO.
   FINN O' MCCLAFFERTY, an               )
11 individual, BRIAN WEIR, an            )
   individual,                           )   **PLAINTIFFS' COMPLAINT FOR**
12                                        )   **DAMAGES AND DECLARATORY**
          Plaintiffs.                     )   **AND EQUITABLE RELIEF**
13                                        )
                  v.                      )
14                                        )
   THE CITY OF BEVERLY HILLS, a          )
15 California municipal corporation,      )
   THE BEVERLY HILLS POLICE             )
16 DEPARTMENT, a municipal               )
   agency, CAPT. MARK ROSEN, an          )
17 individual, CAPT. LINCOLN             )
   HOSHINO, an individual, CAPT.         )
18 ELIZABETH ALBANESE, an                )
   individual, CAPT. MAX SUBIN, an       )
19 individual, SHELLY OVROM, an          )
   individual, LT. DAVID HAMEL, an       )
20 individual, LT. SHAN DAVIS, an        )
   individual, LT. TERRY NUTALL,         )
21 an individual, LT. RENATO             )
   MORENO, an individual, CHIEF          )
22 DAVID SNOWDEN, an individual,         )
   OFFICER ANNE MARIE                    )
23 LUNSMAN, an individual, LT.           )
   KEVIN ORTH, an individual, SGT.       )
24 DALE DRUMMOND, an individual,         )
   DET. MARK SCHWARTZ, an                )
25 individual,  and DOES ONE through     )
   ONE HUNDRED (1-100),                  )
26                                        )
          Defendants.                     )
27 ——————————————————————— )

28

PRINTED ON RECYCLED PAPER

1. The Plaintiffs RICHARD CEJA ("CEJA"), FINN O' MCCLAFFERTY ("MCCLAFFERTY") AND BRIAN WEIR ("WEIR") ("Plaintiffs"), complain for entry of judgment in their favor against THE CITY OF BEVERLY HILLS ("BH"), CAPT. MARK ROSEN ("ROSEN"), CAPT. LINCOLN HOSHINO ("HOSHINO"), CAPT. ELIZABETH ALBANESE ("ALBANESE"), CAPT. MAX SUBIN ("SUBIN"), SHELLY OVROM ("OVROM"), LT. DAVID HAMEL ("HAMEL"), LT. SHAN DAVIS ("DAVIS"), LT. TERRY NUTALL ("NUTALL"), LT. RENATO MORENO ("MORENO", CHIEF DAVID SNOWDEN ("SNOWDEN"), OFFICER ANNE MARIE LUNSMAN ("LUNSMAN"), LT. KEVIN ORTH ("ORTH"), SGT. DALE DRUMMOND ("DRUMMOND"), DET. MARK SCHWARTZ ("SCHWARTZ") AND DOES1-100 ("Defendants").

2. Some or all of the following paragraphs of this Complaint are alleged on information and belief:  6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, 33, 35 and 36.

## PARTIES AND OTHER IMPORTANT PERSONS/ENTITIES

3. Plaintiff RICHARD CEJA ("CEJA") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who was harmed here by the acts of one or more of the Defendants.  He is a former Sergeant with the City of Beverly Hills Police Department (the "BHPD").

4. Plaintiff FINN O' McCLAFFERTY ("McCLAFFERTY") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who was harmed here by the acts of one or more of the Defendants.  He is a former Detective with the BHPD.

5. Plaintiff BRIAN WEIR ("WEIR") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who was harmed here by the acts of one or more of the Defendants.  He is a former Sergeant with the BHPD.

6. Defendant THE CITY OF BEVERLY HILLS ("BH") is a Municipal

PRINTED ON RECYCLED PAPER

PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Corporation which operates in California, County of Los Angeles where it damaged one or more of the Plaintiffs.

7.  Defendant THE BEVERLY HILLS POLICE DEPARTMENT (the "BHPD") is an agency of BH to which BH delegates policing policy making.  It operates in California, County of Los Angeles where it damaged one or more of the Plaintiffs.

8.  Defendant CAPT. MARK ROSEN ("ROSEN") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs.  At various times relevant to this complaint, ROSEN was a Captain in the BHPD who has now resigned from the BHPD.

9.  Defendant CAPT. LINCOLN HOSHINO ("HOSHINO") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs.    At various times relevant to this complaint, HOSHINO was a Captain in the BHPD who has now resigned from the BHPD.

10.  Defendant CAPT. ELIZABETH ALBANESE ("ALBANESE") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs. At all times relevant to this complaint, ALBANESE was an employee of the BHPD.

11.  Defendant CAPT. MAX SUBIN ("SUBIN") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs here in this County. At all times relevant to this complaint, ZUBIN was an employee of the BHPD.

12.  Defendant SHELLY OVROM ("OVROM") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs and who, at all

3

times relevant to this Complaint was an employee of Defendant BH.

13. Defendant CAPT. SHAN DAVIS ("DAVIS") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs here in this County. At some of the times relevant to this complaint, DAVIS was an employee of the BHPD.

14. Defendant LT. DAVID HAMEL ("HAMEL") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs here in this County. At some of the times relevant to this complaint, HAMEL was an employee of the BHPD.

15. Defendant LT. TERRY NUTALL ("NUTALL") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs here in this County. At some of the times relevant to this complaint, NUTALL was an employee of the BHPD.

16. Defendant LT. RANATO MORENO ("MORENO") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs here in this County. At all of the times relevant to this complaint, MORENO was an employee of the BHPD.

17. Defendant CHIEF DAVID SNOWDEN ("SNOWDEN") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs here in this County. At some of the times relevant to this complaint, SNOWDEN was an employee of the BHPD.

**The Protected Officers**

18. Defendant OFFICER ANNE MARIE LUNSMAN ("LUNSMAN") is a natural

4

PRINTED ON RECYCLED PAPER

person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs. At all times relevant to this Complaint, LUNSMAN was an employee of the BHPD.

19. Defendant LT. KEVIN ORTH ("ORTH") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs. He was also at all times relevant to this Complaint an employee of the BHPD.

20. Defendant INVESTIGATOR DALE DRUMMOND ("DRUMMOND") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs and who was at all times relevant to this Complaint an employee of the BHPD.

21. Defendant DET. MARK SCHWARTZ ("SCHWARTZ") is a natural person and a citizen of the State of California who at all times relevant to this complaint resided in this County, and who caused harm here to one or more of the Plaintiffs herein while serving as an employee of the BHPD.

22. Defendants LUNSMAN, ORTH, DRUMMOND and SCHWARTZ are hereinafter collectively referred to as the "Protected Officers."

23. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES ONE through ONE HUNDRED (1-100), inclusive, are unknown to Plaintiff at this time who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when the same has been ascertained.

24. At all times herein mentioned, Defendants and each of them, including DOES ONE through ONE HUNDRED (1-100), inclusive, and each of them, were associates, agents, servants and employees of each of the other co-defendants, and were acting within the course and scope of their association, agency, service and employment, and

PRINTED ON RECYCLED PAPER

with the permission and consent of each of the other defendants.

## **VENUE AND JURISDICTION**

25.  This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

26.  This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; evidence and employment records relevant to the allegations are maintained in this judicial district and the Defendants are domiciled and regularly conduct affairs in this judicial district.

## **COMMON ALLEGATIONS**

27.   Since before the various acts giving rise to this complaint, BH and BHPD have been run, and had their policies set by, two competing groups.  The first group (the "DEFENDANT CONTROL GROUP") (with which the Defendants are each associated) have worked together for the express purpose of protecting, encouraging and/or tolerating inappropriate exercises of power by the members of the BHPD and implementing policies and patterns of practice having the effect of realizing these illegal goals.  The second group (the "LEGALLY COMPLIANT CONTROL GROUP") have worked to foster conduct in the BHPD consistent with the law and the constitution.

28.  The Plaintiffs, and each of them, were well known during their tenure in the BHPD for their "by the book" attitude and their intolerance of bad behavior by their fellow officers.

29.  Starting in or about 2011, the Plaintiffs, and each of them, collectively took stands against certain acts of false reporting engaged in by the Protected Officers.

30.  The DEFENDANT CONTROL GROUP, in an effort to protect the Protected

PRINTED ON RECYCLED PAPER

Officers, brought meritless charges of wrongdoing against each of the Plaintiffs.

31.  The Protected Officers and their allies, in the meantime, rose in influence and prominence within the BHPD during the same period of time.

32.  In or about 2015 each of the Plaintiffs' had been forced to sue the BHPD to vindicate their rights.  Because each of the Plaintiffs had suffered injuries in the line of work, BH, BHPD offered a settlement to each of them which involved some of their future recompense coming in the form of disability and/or retirement income which was controlled by CalPERS because each of the Plaintiffs had some form of work injury.  Defendants directly or indirectly specifically agreed in confidential settlement agreements (the "Settlement Agreements") with Plaintiffs in connection with such lawsuits that "[t]he City will not take any action in bad faith to interfere with [Plaintiff's] CalPERS rights."

33.  Between 2017 and 2019, some of the DEFENDANT CONTROL GROUP and their allies, entered into lawsuits against BH and BHPD.  Plaintiffs offered, and were preparing to testify against these litigants on behalf of the interests of the LEGALLY COMPLIANT CONTROL GROUP.  In retaliation, and in direct and deliberate violation of the foregoing term, the Defendants conspired to, and did, send CalPERS anonymous tips regarding language which Defendants had worked to embed within the Settlement Agreements all with the purpose of causing Plaintiff's to lose their benefits.  These anonymous tips ultimately resulted in Plaintiffs' losing significant benefits in an amount in excess of $5,000,000.

**<u>FIRST CAUSE OF ACTION -- CONSTITUTIONAL AND CIVIL RIGHTS PURSUANT TO 42 U.S.C. §§ 1983, 1988 (VIOLATION OF FIRST AMENDMENT SPEECH RIGHTS)</u>**
**<u>(ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS)</u>**

34.  The preceding paragraphs are incorporated by this reference as though set forth in full herein.

35.  Through the foregoing acts, and each of them, the Defendants sought to and

PRINTED ON RECYCLED PAPER

did retaliate against Plaintiffs for their exercise of their constitutional right of free speech and did so under color of their authority as law enforcement officers. Defendants' efforts in this regard were also were intended to protect the Defendants's ongoing abuse under color of law of the constitutional rights of the inmates under their supervision.

36.  As a result of the wrongdoing of Defendants', and each of them, Plaintiffs have been damaged in an amount presently unknown to her, but to be proven at time of trial, but in no event less than $5,000,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants.

B. For appropriate compensatory damages in an amount to be determined at trial;

C. For civil penalties.

D. For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful employment practices are eliminated and do not continue to affect Plaintiffs', or others', employment opportunities;

E. For an award of reasonable attorney's fees and costs on her behalf expended as to such Defendants; and

F. For such other and further relief to which Plaintiff may show themselves justly entitled.

PRINTED ON RECYCLED PAPER

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Date: August 18, 2022      THE LAW OFFICES OF JOHN A. SCHLAFF

/   S   /

By: _____
     John A. Schlaff
Attorneys for Plaintiffs RICHARD CEJA,
FINN O' McCLAFFERTY and BRIAN WEIR

9

PRINTED ON RECYCLED PAPER

PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF