1  Mark. D. Rutter (58194)
   John J. Stumreiter (58415)
2  Esther Teixeira (346431)
   CARPENTER, ROTHANS & DUMONT, LLP
3  500 S. Grand Avenue, 19th Floor
   Los Angeles, CA  90071
4  Tel.: (213) 228-0400 / Fax: (213) 228-0401
   mrutter@crdlaw.com; jstumreiter@crdlaw.com;
5  eteixeira@crdlaw.com

6  Attorneys for Defendants City of Beverly Hills,
   a public entity (sued as itself and erroneously
7  sued as Beverly Hills Police Department);
   Capt. Max Subin, Shelly Ovrom, Lt. Kevin
8  Orth, Sgt. Dale Drummond, Lt. Renato Moreno,
   Capt. Mark Rosen, Lt. Shan Davis, Lt. Terry
9  Nutall, Capt. Elizabeth Albanese, and Det.
   Mark Schwartz as current or former employees
10 of the City of Beverly Hills

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  RICHARD CEJA, an individual, FINN O' MCCLAFFERTY, an individual, BRIAN WEIR, an individual, | Case No.: 2:22-cv-05884-MEMF-AGR |
| 14 | Judge:      Hon. Maame Ewusi-Mensah Frimpong |
| 15          Plaintiffs, | Cplt. filed: 08/18/2022 |
| 16  v. | **CITY OF BEVERLY HILLS' NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT AND CLAIMS THEREIN AS TO THE CITY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. STUMREITER** |
| 17  THE CITY OF BEVERLY HILLS, a California municipal corporation, THE BEVERLY HILLS POLICE DEPARTMENT, a municipal agency, CAPT. MARK ROSEN, an individual, CAPT. LINCOLN HOSHINO, an individual, CAPT. ELIZABETH ALBANESE, an individual, CAPT. MAX SUBIN, an individual, SHELLY OVROM, an individual, LT. DAVID HAMEL, an individual, LT. SHAN DAVIS, an individual, LT. TERRY NUTALL, an individual, LT. RENATO MORENO, an individual, CHIEF DAVID SNOWDEN, an individual, OFFICER ANNE MARIE LUNSMAN, an individual, LT. KEVIN ORTH, an individual, SGT. DALE DRUMMOND, an individual, DET. MARK SCHWARTZ, an individual, and DOES ONE through ONE HUNDRED (1-100), | |
| 18 | |
| 19 | Date:  March 14, 2024 |
| 20 | Time:  10:00 a.m. |
| 21 | Loc.:   Courtroom 8B U.S. Court House 350 W. First St. Los Angeles CA 90012 |
| 22 | |
| 23 | |
| 24 | (L.R. 7-3 was satisfied by communications on 01/16/2024 and 01/17/2024 as to the 3d Amd. Cplt.; the same issues were raised as to prior complaints in earlier communications going back to November 2022, as shown in the attached declaration) |
| 25 | |
| 26 | |
| 27 | |
| 28          Defendants. | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on March 14, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8B, U. S. Court House, 350 West First Street, Los Angeles, California 90012, Defendant City of Beverly Hills, a public entity (sued as itself and erroneously sued as the Beverly Hills Police Department) will and hereby does move to dismiss Plaintiffs' Third Amended Complaint and each claim therein pursuant to Rule 12(b)(6), F. R. Civ. P.

The grounds of this motion are that the Third Amended Complaint fails to state a claim on which relief may be granted as to each defendant.

This motion is based on this Notice; the attached Memorandum of Points and Authorities; the attached Declaration and Exhibit; the files, records, and pleadings of this action; the documents which were contained in the previously-filed Request for Judicial Notice; and such other matter as properly may be brought before the Court.

This motion follows the communications between counsel pursuant to L.R. 7-3 on January 9 and 10, 2024, as set forth in the Declaration of John J. Stumreiter and exhibit thereto.

Dated:  January 23, 2024.

CARPENTER, ROTHANS & DUMONT, LLP

By: /s/ *John J. Stumreiter*
Mark Rutter/John J. Stumreiter/Esther Teixeira Attorneys for Defendants City of Beverly Hills, a public entity (sued as itself and erroneously sued as Beverly Hills Police Department); Capt. Max Subin, Shelly Ovrom, Lt. Kevin Orth, Sgt. Dale Drummond, Lt. Renato Moreno, Capt. Mark Rosen, Lt. Shan Davis, Lt. Terry Nutall, Capt. Elizabeth Albanese, and Det. Mark Schwartz, as current or former employees of the City of Beverly Hills

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs have attempted to plead a Section 1983 case against the City of Beverly Hills ("BH" or "City") and numerous individual defendants who were employed by the City.[1]  To do so, they have to plead facts to show that the matter complained of was the result of a City policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978). Under *Monell* a municipality is not vicariously liable for its employee's actions merely by being an employer; instead, the plaintiff must plead (and prove) that the action complained of was the execution of a City policy or custom.[2]

For lack of sufficient *Monell* allegations, the plaintiffs' Second Amended Complaint was dismissed by this Court with leave to amend.

In their present Third Amended Complaint, plaintiffs have made an effort to add allegations in the hope of pleading a claim under *Monell*,  But the Third Amended Complaint still fails to satisfy *Monell*.  Contrary to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombley*"), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*"),  and contrary to this Court's ruling on the Second Amended Complaint (Dkt. 60), the Third Amended Complaint still alleges only conclusions rather than facts and fails to provide factual material to support those

---

[1] The individual defendants are present or former police officers, except for Defendant Ovrom, who was (and is) the Director of Human Resources.

[2] "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers….[L]ocal governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, *supra*, 436 U.S. at 690.

1  conclusions. As a result, the Third Amended Complaint must be dismissed with

2  respect to the City.

3  **STATEMENT OF FACTS**

4  In the Third Amended Complaint ("TAC"), as in the previous complaints,

5  each plaintiff claims that he had been a police officer with the City of Beverly Hills

6  Police Department ("BHPD"). (3d Am. Cplt.,¶¶ 3-5.) Starting in or about 2011,

7  each plaintiff claims to have taken stands against supposed false reporting by

8  Defendants Lunsman, Orth, Drummond, and Schwartz (collectively called the

9  "Protected Officers"). (*Id.*, ¶¶ 22, 30.) They claim that the "Defendant Control

10  Group" (with which the individual defendants are supposedly associated) brought

11  meritless charges of misconduct against the plaintiffs. (*Id.*, ¶¶ 28, 31.)

12  In or about 2015, each plaintiff had allegedly filed suit against BHPD. (*Id.*, ¶

13  33.) Each plaintiff also allegedly had claims for work injuries. (*Id.*)

14  To resolve these suits, the City reached a settlement agreement with each

15  plaintiff. (3d Am. Cplt., ¶ 33.) Under the settlement agreements, part of the benefit

16  to each plaintiff was the opportunity to pursue disability/retirement claims with

17  CalPERS. Each plaintiff claimed to have been injured and to be entitled to

18  Industrial Disability Retirement ("IDR"), which is controlled by CalPERS. Each

19  plaintiff pursued such claims with CalPERS.

20  Plaintiffs claim, however, that at a later date, CalPERS received an

21  anonymous tip that led CalPERS to determine that plaintiffs were not in fact entitled

22  to those disability-related benefits. Plaintiffs claim that that tip was made in

23  retaliation for the plaintiffs' intent to testify against some of the individual

24  defendants in disputes between those individuals and BH. On the theory that this

25  was retaliation against the plaintiffs' exercise of First Amendment rights, they claim

26  that the tip(s) were a violation of 42 U.S.C. Section 1983. They have claimed that

27  each individual defendant was the person who tipped off CalPERS. In its order

28  dismissing the Second Amended Complaint, the Court stated that the alleged

4

**4**

"general policy of allowing abuses of power and of implementing subsidiary policies to meet this end" was "not sufficiently specific to establish liability against a public entity for the conduct alleged here." (Order, Dkt. 60, 12:9-12:12.)  The Court explained:

> First, Plaintiffs have neither alleged what the policies or practices are nor alleged any facts (other than one instance of the anonymous tip) that support the notion that the policies exist. Second, it is not clear how these policies were the moving force behind the anonymous tip.
>
> Plaintiffs need more detail to hold BH or BHPD liable under *Monell*.

(*Id.*, 12:21-12:24.)

In the Third Amended Complaint, plaintiffs have attempted to address *Monell* issues by adding a new Paragraph 28 and making amendments in the succeeding paragraph, now renumbered as Paragraph 28.

Paragraph 27 states:

> 27.    For at least the last two decades, the City of Beverly Hills has had a custom and *de facto* policy of taking retaliatory action against anyone within its employ who reveals or questions illegal conduct by members of its police force (the "Illegal Retaliatory Custom / Policy"). The Illegal Retaliatory Custom / Policy has become entrenched inside the BHPD and the City of Beverly Hills such that complete reform of the Department has been effectively impossible. Even officials who have been appointed to control positions in the BHPD have ultimately been harassed, deprived of position, and/or hounded out of their employment altogether by the Illegal Retaliatory Custom / Policy. The Illegal Retaliatory Custom / Policy has become entrenched to the point where it is an inevitability that persons who attempt to exercise their right to testify or otherwise speak out regarding illegal or corrupt conduct within the BHPD will suffer negative consequences and will be

CITY'S MOTION TO DISMISS 3D AMENDED COMPLAINT

harassed and harmed in retaliation for any such revelations. The injuries Plaintiffs have complained of are the direct consequence of the Illegal Retaliatory Custom / Policy.

(3d Amd. Cplt (Dkt. 64), ¶ 27, 6:5-6:19.)

Paragraph 28 now reads (new material underlined):

28. Since before the various acts giving rise to this complaint, BH and BHPD have been run, and had their policies set by, two competing groups. The first group (the "DEFENDANT CONTROL GROUP") (with which the Defendants are each associated) have worked together for the express purpose of protecting, encouraging and/or tolerating inappropriate exercises of power by the members of the BHPD and implementing policies and patterns of practice having the effect of realizing these illegal goals. The second group (the "OTHER CONTROL GROUP")[3] have worked to foster conduct in the BHPD consistent with the law and the constitution and have struggled -- to date unsuccessfully -- against the Illegal Retaliatory Custom / Policy. As of this writing the Illegal Retaliatory Custom / Policy continues to operate inside the department unabated such that the efforts of the OTHER CONTROL GROUP have been unsuccessful.

(3d Amd. Cplt (Dkt. 64), ¶ 28, 6:20-7:3.)

The Third Amended Complaint does not cure the deficiencies of the Second Amended Complaint. The Third Amended Complaint still fails to make sufficient allegations as to the supposed policy and relies on conclusory allegations to show that the supposed policy weas the cause of the harm. nebulous supposed policy.

---

[3] In prior complaints, this "group" was called the "Legally Compliant Control Group." The change in nomenclature is insignificant for the present motion.

# ARGUMENT

## I.  THE THIRD AMENDED COMPLAINT STILL LACKS SUFFICIENT *MONELL* ALLEGATIONS AS TO THE CITY.

### A.  To sue the City, the Monell decision requires a plaintiff to allege the City's policy, custom, or pattern that caused the violation of law.

A municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Instead, to establish municipal liability for a constitutional violation under Section 1983, the plaintiff must allege facts demonstrating "that an 'official policy, custom, or pattern' on the part of [defendant] was the moving force behind the plaintiff's claimed constitutional violation.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

In its ruling on the Second Amended Complaint in the present case, the Court itself observed:

> To establish Monell liability under Section 1983, a plaintiff must sufficiently allege that : "(1) [he was] deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) the defendants have customs or policies which amount to deliberate indifference to [his] constitutional rights; and (3) these policies are the moving force behind the constitutional violations." [Citing *Lee v City of Los Angeles*, 250 F.3d 668, 681-682 (9th Cir. 2001).]

This requires that the local government have had a "deliberate policy, custom or practice that was the moving force behind the constitutional violations."  *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

1

### B.    Conclusory and general allegations will no longer suffice because of *Twombley* and *Iqbal*.

Under Rule 12(b)(6), F. R. Civ. P., a complaint must be dismissed when a plaintiff's allegations fail "to state a claim upon which relief can be granted."

The historic principle from *Conley v. Gibson*, 355 U.S. 41, 47 (1957), that a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests," must be interpreted and applied in light of the stricter requirements of *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 554-563 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 667-680 (2009).

A pleading now requires more than conclusions or conclusory allegations.  As stated in *Twombley*, *supra*, 550 U.S. at 555,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Accord*, *Iqbal*, *supra*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555; 556 U.S. at 678.

Instead, the complaint must have factual allegations sufficient to raise "to raise a right to relief above the speculative level" (*Twombley*, *supra*, 550 U.S. at 555), and the pleading must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*   It must contain enough facts "to state a claim to relief that is plausible on its face." *Twombley, supra,* 550 U.S. at 570; *Iqbal*, *supra*, 556 U.S. at 678.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, *supra*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court is classically required to accept all

material allegations in the complaint and any reasonable inferences therefrom as true and to construe them favor of the non-moving party. E.g., *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  However  a court need not accept as true any allegations that are merely "conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). It need not accept as true a legal conclusion couched as a factual allegation. *Iqbal*, *supra*, 556 U.S. at 678. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*

The requirements of *Twombley* and *Iqbal* apply to the pleading of *Monell* allegations. In *AE*, *supra*, 666 F.3d at 637, the Ninth Circuit observed that in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Court of Appeal had stated:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

666 F.3d at 637. The Ninth Circuit added, "This standard applies to *Monell* claims…." *Id. Accord, Rodriguez v. County of San Bernardino*, 2023 WL 5337818 at *4 (C.D. Cal. Aug. 17, 2023).

The pleading of a policy or custom does not comply with that requirement. The policy or custom is described only as:

> [A] custom and *de facto* policy of taking retaliatory action against anyone within its employ who reveals or questions illegal conduct by members of its police force (the "Illegal Retaliatory Custom / Policy").

(3d Am. Cplt., ¶ 27.)  That is a conclusion.

Broadly-worded supposed policies and customs, parallel to what is alleged here, were found insufficient in *Jackson v. County of San Bernardino*, 2023 WL 9066307 at *4, with the comment, "The FAC contains nothing more than sweeping conclusory statements sprinkled [with] legal buzz words without any specific factual allegations about these 12 policies."[4]

Guidance as to the insufficiency of such allegations is found in *Rodriguez*, *supra*. Paragraph 51 of the complaint there alleged a policy as follow:

> Plaintiff alleges that the COUNTY OF SAN BERNARDINO had a specific custom and policy which showed a history of failing to monitor its deputies in the use of lethal force on multiple other occasions and that it failed, as a matter of custom and policy, to discipline officers who used unjustified and lethal force on multiple occasions. The behavior of the deputies in using excessive force against JIMMY RAY ROBERT FERRER was consistent with the custom and practice and/or policy of the COUNTY OF SAN BERNARDINO on multiple occasions.

2023 WL 5337818 at * 2. The Court ruled that this statement was insufficient. The Court observed, "Plaintiffs must allege more that their own incident and "multiple occasion" to plausibly state a claim of an official policy or established custom." Id. at *5. The Court added:

> Here, it appears that Plaintiffs are attempting, but failing, to state a custom or policy with respect to the use of deadly force against multiple people. See 5AC ¶ 51. Plaintiffs cannot use their own incident

---

[4] One example of the 12 policies was "Encouraging, accommodating, or facilitating a 'blue code of silence,' 'blue shield,' 'blue wall,' 'blue curtain,' 'blue veil,' or simply 'code of silence,' pursuant to which Deputies do not report other Deputies' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing."

to establish a custom, and Plaintiffs will need to allege specific sufficient incidents to establish a custom. In order to state a claim based on custom, Plaintiffs must allege facts that demonstrate a custom is "founded upon practices of *sufficient duration, frequency and consistency* that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (emphasis added). [Footnote omitted.] Here, Plaintiffs allege "a history of failing to monitor its deputies in the use of lethal force on multiple other occasions" and a failure "to discipline officers who used unjustified and lethal force on multiple occasions" but do not allege specific facts that demonstrate that duration, frequency, and consistency to establish a custom. Accordingly, Plaintiffs custom based *Monell* claim is insufficiently pleaded. [Italics in original.]

*Id.* at *7.

Here, the only facts that are given are what happened in their own instances. There are no facts, as distinct from conclusions, of a "longstanding practice or custom which constitutes [the City's or Police Department's] standard operating procedure." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Municipal liability cannot be "predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996);[5] *see also Meehan v. Los Angeles County*, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents not sufficient to establish custom).

To show that that policy was the moving force, plaintiffs plead only, "The injuries Plaintiffs have complained of are the direct consequence of the Illegal Retaliatory Custom / Policy." That is a sheer conclusion, with no supporting facts.

---

[5] Holding modified by *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).

1

## CONCLUSION

2

In light of the foregoing, Defendant City of Beverly Hills requests that the

3

Court dismiss Plaintiffs' Third Amended Complaint.

4

Dated:  January 23, 2024.          Respectfully submitted,

5

CARPENTER, ROTHANS & DUMONT, LLP

6

By: /s/ *John J. Stumreiter*
      Mark Rutter/John J. Stumreiter/Esther Teixeira

7

Attorneys for Defendants City of Beverly Hills, a

8

public entity (sued as itself and erroneously sued as
Beverly Hills Police Department); Capt. Max Subin,

9

Shelly Ovrom, Lt. Kevin Orth, Sgt. Dale
Drummond, Lt. Renato Moreno, Capt. Mark Rosen,

10

Lt. Shan Davis, Lt. Terry Nutall, Capt. Elizabeth
Albanese, and Det. Mark Schwartz, as current or
former employees of the City of Beverly Hills

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for above-named defendants certifies that this brief contains 2,763 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  January 23, 2024                    /s/ *John J. Stumreiter*

# DECLARATION OF JOHN J. STUMREITER

I, John J. Stumreiter, declare:

1.     I am an attorney at law licensed to practice in all the courts of the state of California.  I work for the law firm of Carpenter, Rothans, & Dumont, LLP, attorneys of record for Defendant City of Beverly Hills ("City") and the individual defendants referenced at the top of the caption page.  I have personal first-hand knowledge of the facts stated herein; I can and do testify competently thereto.

2.     The Court's ruling on the Second Amended Complaint (Dkt. 60) was rendered on December 1, 2023.  In response, the plaintiffs filed their Third Amended Complaint (Dkt. 64) on January 9, 2024.  Under Rule 15, a response to an amended complaint has to be made within 14 days (here, January 23, 2024.)

3.     The sufficiency of the *Monell* allegations had been one of the subjects of meet and confer proceedings in connection with the original Complaint, the First Amended Complaint, and the Second Amended Complaint. The details of those meet and confer proceedings are set forth in the declarations filed in connection with the Motion to Dismiss the Second Amended Complaint.  (See Dkts. 51, 53.) The arguments advanced by counsel for the City with respect to the inadequacy of the *Monell* allegations in the prior pleadings were set forth in these documents:

| Exh. | Date | Item | File Loc. |
|---|---|---|---|
| A | 11/16/2022 | Kraus (former counsel)'s letter re complaint, pgs. 5-7 | Dkt. 53-1 |
| B | 03/30/2023 | Teixeira letter re 1st Amd. Cplt., pgs. 4-5 | Dkt. 53-3 |
| C | 03/31/2023 | Stumreiter email re 1st Amd. Cplt., pg. 2 | Dkt. 53-4 |
| D | 06/27/2023 | Stumreiter letter re 2d Amd. Cplt., pg. 2 | Dkt. 53-5 |

For clarity, the relevant passages are marked in the left margins.

4.     In addition, with respect to the Third Amended Complaint, I invited plaintiff's counsel to meet and confer by my email of January 16, 2024, a true and correct copy of which is contained in the chain or emails attached as Exhibit E.  In response, I received an email on January 17, 2024, in which plaintiffs' counsel said he would contact me after returning from out-of-town deposition; that email also appears in Exhibit E.  Since then, I did not hear from counsel.  Accordingly, I sent the further email of January 23, 2024, informing counsel for plaintiffs that I had to file a motion to meet the deadline but remained willing to meet and confer in hopes of resolving the motion or reducing the extent of disagreement.  Such email likewise appears in the email chain attached as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California, on January 23, 2024.

/s/ *John J. Stumreiter*

CITY'S MOTION TO DISMISS 3D AMENDED COMPLAINT