O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CEJA, an individual, FINN O' MCCLAFFERTY, an individual, BRIAN WEIR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BEVERLY HILLS, et al.<br><br>Defendants. | Case No.: 2:22-cv-05884-MEMF-AGR<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>**[ECF No. 66]** |

Before the Court is a Motion to Dismiss filed by Defendant City of Beverly Hills. ECF No. 66. The Court deems this matter appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15.  For the reasons stated herein, the Court GRANTS the Motion to Dismiss.

/ / /

/ / /

/ / /

/ / /

1

## I. Factual Allegations and Procedural History[1]

The Court discussed the background of this action in detail in a previous Order. *See* ECF No. 60. The Court will briefly summarize most of this background and focus only on aspects relevant to the instant Motion.

### A. Background Factual Allegations

Defendant the City of Beverly Hills ("BH") is a municipal corporation. Defendant Beverly Hill Police Department ("BHPD")[2] is an agency of BH, and BH delegates policy making regarding policing to BHPD. *See* TAC ¶¶ 6–7. The other Defendants are individuals who are current or former employees of BH or BHPD (the "Individual Defendants"). *See* TAC ¶¶ 8–21. Plaintiffs Richard Ceja ("Ceja"), Finn O'McClafferty ("O'McClafferty"), and Brian Weir ("Weir," or collectively with Ceja and O'McClafferty, "Plaintiffs") are former employees of the Beverly Hills Police Department. *See id.* ¶¶ 3–5.

Two different factions have long competed for control of BH and BHPD. *See id.* ¶ 28. One faction seeks to encourage or tolerate abuses of power by BHPD officers, while the other faction seeks to foster conduct consistent with the law inside BHPD. *See id.* The Individual Defendants are part of or associated with the former faction (which encourages abuse of power), while Plaintiffs had a reputation suggesting they favored the latter faction (which encourages lawful policing). *See id.* ¶¶ 8–21, 29–31. After Plaintiffs took a stand against false reporting by certain officers in approximately 2011, the Individual Defendants filed meritless charges of wrongdoing against Plaintiffs in retaliation. *See id.* ¶ 31.

In 2015, Plaintiffs sued BHPD. *See id.* ¶ 33. The parties resolved the lawsuit through a confidential settlement agreement, which included some additional retirement benefits. *See id.* The settlement agreement included a clause that "[t]he City will not take any action in bad faith to

---

[1] The facts described here are derived from Plaintiffs' Third Amended Complaint except where otherwise indicated. ECF No. 64 ("TAC"). For the purposes of the Motion to Dismiss, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true.

[2] BH asserts that it was sued as itself and erroneously sued as BHPD. *See* ECF No. 66 at 2.

interfere with [Plaintiff's] CalPERS[3] rights." *See id.* After that, in other litigation, Plaintiffs offered to testify on behalf of other individuals associated with the faction that encourages lawful policing. *See id.* ¶ 34. In retaliation, the Individual Defendants (one or all of them) anonymously sent a tip to CalPERS that included confidential information regarding Plaintiffs' records and the confidential settlement agreement, which caused CalPERS to determine that Plaintiffs were not entitled to benefits, and led to Plaintiffs losing more than $5,000,000. *See id.* ¶ 34.

### B. Procedural History

Plaintiffs filed suit in this Court on August 18, 2022. *See* ECF No. 1. Plaintiffs filed a First Amended Complaint[4] on March 8, 2023. *See* ECF No. 40. Plaintiffs filed a Second Amended Complaint on June 6, 2023. *See* ECF No. 49. The SAC asserted one cause of action against all Defendants: a claim under 42 U.S.C. Sections 1983 and 1988 for violations of constitutional free speech rights. *See id.*

The Individual Defendants and BH each filed Motions to Dismiss the Second Amended Complaint. *See* ECF Nos. 51, 54. On December 1, 2023, the Court issued an Order denying the Individuals Defendants' Motion to Dismiss and Granting BH's Motion to Dismiss. *See* ECF No. 60. The Court found that Plaintiffs had adequately stated claims against the Individual Defendants but had failed to do so against BH or BHPD, because Plaintiffs had not alleged the alleged conduct was done pursuant to a policy, custom, or practice of BH or BHPD. *See id.* at 11–13. The Court granted Plaintiffs leave to amend. *See id.* at 13.

Plaintiffs filed their TAC on January 9, 2024. *See* ECF No. 64. The TAC includes some additional factual allegations, discussed in further detail below. *See id.* The TAC asserts the same one cause of action against all Defendants: a claim under 42 U.S.C. Sections 1983 and 1988 for violations of constitutional free speech rights. *See id.*

---

[3] CalPERS is the California Public Employees' Retirement System. The Court understands the reference to "CalPERS rights" to mean Plaintiffs' rights to a pension or similar benefits from CalPERS.

[4] In their Opposition, Plaintiffs noted in a parenthetical that they "ask this Court to take judicial notice" of the Complaint and First Amended Complaint. *See* Opp'n at 1. The Court finds it unnecessary to take formal judicial notice of these items as they are already part of the docket in this action, which the Court can reference without taking judicial notice of.

BH filed the instant Motion to Dismiss on January 23, 2024. *See* ECF No. 64 ("Motion" or "Mot."). Plaintiffs filed an Opposition to the Motion on September 5, 2024.[5] *See* ECF No. 73 ("Opposition" or "Opp'n"). BH filed a Reply in support of the Motion on September 12, 2024. *See* ECF No. 74 ("Reply").

### C. Additional Allegations in the TAC

Plaintiffs added the following paragraph in their TAC:

> For at least the last two decades, the City of Beverly Hills has had a custom and de facto policy of taking retaliatory action against anyone within its employ who reveals or questions illegal conduct by members of its police force (the "Illegal Retaliatory Custom / Policy"). The Illegal Retaliatory Custom / Policy has become entrenched inside the BHPD and the City of Beverly Hills such that complete reform of the Department has been effectively impossible. Even officials who have been appointed to control positions in the BHPD have ultimately been harassed, deprived of position, and/or hounded out of their employment altogether by the Illegal Retaliatory Custom / Policy. The Illegal Retaliatory Custom / Policy has become entrenched to the point where it is an inevitability that persons who attempt to exercise their right to testify or otherwise speak out regarding illegal or corrupt conduct within the BHPD will suffer negative consequences and will be harassed and harmed in retaliation for any such revelations. The injuries Plaintiffs have complained of are the direct consequence of the Illegal Retaliatory Custom / Policy.

*See* TAC ¶ 27.

Plaintiffs also added the following partial paragraph:

> [Plaintiffs and their allies] have struggled -- to date unsuccessfully -- against the Illegal Retaliatory Custom / Policy. As of this writing the Illegal Retaliatory Custom / Policy continues to operate inside the department unabated such that the efforts of the [Plaintiffs and their allies] have been unsuccessful.

*See* TAC ¶ 28.

The TAC has no other material changes from the SAC.

### II. Applicable Law

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[5] All counsel should note that, per Section VIII(B) of the Court's Standing Order, an opposition must be filed no later than fourteen days after the filing of an initial motion, and this deadline does not change when a hearing date is continued (in contrast to the typical Local Rule). The Court will not strike Plaintiffs' Opposition as untimely in this instance, but may do so in the future if oppositions are not timely filed.

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679. But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### III. Discussion

This Motion presents only one issue: whether the additions in Plaintiffs' TAC cured the defect previously identified by the Court, that Plaintiffs had failed in their Second Amended Complaint to allege a policy, custom, or practice by BH or BHPD that caused their injuries. The Court finds that the TAC fails to adequately allege this with sufficient factual support, and so the Motion is GRANTED.

A government agency can only be liable in an action under 42 U.S.C. Section 1983[6] for violation of constitutional rights if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A government entity cannot be held vicariously liable for the torts of its employees. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692–93 (1978). Thus, in order to state a claim against BH or BHPD, Plaintiffs cannot simply allege that BH or

---

[6] Although Plaintiffs also bring claims pursuant to 42 U.S.C. Section 1988 (*see* TAC), there appears to be no dispute that the rules regarding claims under 42 U.S.C. Section 1983 apply here.

BHPD employees violated Plaintiffs' rights—Plaintiffs must allege that "a policy, practice, or custom" of BH or BHPD caused the violation. *See id.*

Further, conclusory allegations of a custom, policy, or practice are not sufficient. As a general rule, pursuant to *Twombly* and *Iqbal*, allegations must be plausible, and "may not simply recite the elements of a cause of action," and must instead contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). This rule applies to *Monell* claims (that is, claims against a municipal entity under 42 U.S.C. Section 1983). *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (Ninth Cir. 2012). A plaintiff must not only allege a policy or custom, but also allege "plausible facts supporting such a policy or custom." *See id.* Where a plaintiff does not allege a formal policy, the plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

Here, the Court finds that Plaintiffs' allegations are not sufficient. Plaintiffs do not allege a formal policy, and so they must allege "practices of sufficient duration, frequency and consistency" to show that the conduct alleged "become a traditional method of carrying out policy." *See id.* Plaintiffs' allegations fail to meet this standard. Plaintiffs have not added sufficient factual allegations to "found" their allegation that a custom or practice exists with the requisite duration, frequency, or consistency. *See id.*

Plaintiffs make the following allegations related to this issue. First, Plaintiffs allege that BH has had a "custom and de facto policy of taking retaliatory action against anyone within its employ who reveals or questions illegal conduct by members of its police force" for at least 20 years. *See* TAC ¶ 27. Plaintiffs allege that this custom has become "entrenched inside the BHPD," and that certain officials who sought to change it "have ultimately been harassed, deprived of position, and/or hounded out of their employment altogether" by the policy. *See* TAC ¶ 27. They further allege that "persons who attempt to exercise their right to testify or otherwise speak out regarding illegal or

corrupt conduct within the BHPD will suffer negative consequences and will be harassed and harmed in retaliation for any such revelations." *See id.* Plaintiffs also allege that they faced retaliation after they began advocating for lawful policing in approximately 2011. *See id.* ¶ 31. Finally, Plaintiffs allege that the conduct they principally complain of here—the anonymous tip to CalPERS in retaliation for testimony in litigation—was another manifestation of the policy. *See id.* ¶¶ 27, 34.

Plaintiffs' factual allegations in support of the allegation that the custom exists are not sufficient. Plaintiffs have not offered specifics showing that the alleged custom has existed with duration, frequency, or consistency. Vague references to other officials being retaliated against—without any detail as to who these officials were, what exactly the officials did that led to retaliation, or how the retaliation occurred—are not sufficient. *See* TAC ¶ 27. Nor is the generalized statement that people who speak out will be harassed. *See id.* Ignoring these allegations, all that remains are Plaintiffs' allegations as to the retaliation that they personally suffered (first beginning in approximately 2011, and then continuing with the conduct principally alleged here, where Defendants retaliated against Plaintiffs by contacting CalPERS). *See id.* ¶¶ 27, 31, 34. Taking these allegations as true, these instances would not show that BH or BHPD has had a custom of retaliation with sufficient duration, frequency, or consistency such that BH or BHPD can be liable. Instead, absent further allegations, the alleged instances appear to be "isolated or sporadic incidents" which cannot support *Monell* liability. *See Trevino*, 99 F.3d at 918. Plaintiffs must add more facts to show that this custom has been consistently applied for a significant duration of time. *See id.*

The Court will grant Plaintiffs leave to amend again to address this issue, as it appears that further facts could save the claim. *See Manzarek*, 519 F.3d at 1031. Although Plaintiffs have already had one chance to amend, and failed, the Court did not previously focus on this specific defect (that the alleged policy was not supported by sufficient factual allegations regarding duration and consistency), and instead held that Plaintiffs' previous complaint had not alleged any policy at all. *See* ECF No. 60 at 12 (Plaintiffs had not alleged "what the policies or practices are"). The Court will give Plaintiffs another opportunity to add more facts now that Plaintiffs have alleged a custom exists.

**IV. Conclusion**

For the reasons stated herein, the Motion to Dismiss (ECF No. 66) is GRANTED. Plaintiffs' claims against BH and BHPD are DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: December 24, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge